IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JEREMY JOHNSON, ) | |
| ) | 4:05cv3111 |
| Petitioner, ) | |
| ) | MEMORANDUM AND ORDER |
| vs. ) | |
| ) | |
| ROBERT HOUSTON, ) | |
| ) | |
| Respondent. ) | |

    This matter is before the court on filing no. 13, the respondent's Motion for Summary Judgment.[1]  In his Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 ("§ 2254 petition"), Jeremy Johnson alleges violations of his civil rights in connection with his conviction and sentence in the District Court of Douglas County, Nebraska, on or about August 1, 1997.  In filing no. 13, the respondent asserts that the § 2254 petition is barred as untimely.

    The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") governs whether a § 2254 petition is timely.  The AEDPA imposed a one-year statute of limitations on federal habeas petitions filed pursuant to 28 U.S.C. § 2254.  28 U.S.C. § 2244(d) states:

> (1)    A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> > (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> > (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

---

[1] Also before the court is filing no. 24, the respondent's Motion to Strike the petitioner's Affidavit in opposition to summary judgment.  The Motion to Strike is denied, but the respondent's arguments in the Motion to Strike have been considered as a reply to the petitioner's opposition to summary judgment.  In filing no. 29, the petitioner moves for leave to file a brief out of time.  Filing no. 29 is granted.

>    (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>    (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2)    The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Absent a later triggering date under 28 U.S.C. § 2244(d)(1)(B)-(D), the one-year period for filing a § 2254 petition in federal court begins to run on the date the challenged state-court judgment becomes final, i.e., upon conclusion of direct review or at the end of the time for seeking such review. 28 U.S.C. § 2244(d)(1)(A). See also Nichols v. Bowersox, 172 F.3d 1068, 1072 (8th Cir. 1999):

> In Smith v. Bowersox, 159 F.3d 345, 348 (8th Cir. 1998), cert. denied, 525 U.S. 1187... (1999), § 2244(d)(1)(A) was interpreted by a panel of this court as follows: the running of the statute of limitations imposed by § 2244(d)(1)(A) is triggered by either (i) the conclusion of all direct criminal appeals in the state system, followed by either the completion or denial of certiorari proceedings before the United States Supreme Court; or (ii) if certiorari was not sought, then by the conclusion of all direct criminal appeals in the state system followed by the expiration of the time allotted for filing a petition for the writ.

28 U.S.C. § 2244(d)(2) tolls the one-year statute of limitations while a habeas corpus petitioner exhausts any available state postconviction remedies. See Jihad v. Hvass, 267 F.3d 803, 805 (8th Cir. 2001); Hatcher v. Hopkins, 256 F.3d 761, 763 (8th Cir. 2001). However, the AEDPA statute of limitations does not begin to run anew when a state court enters judgment denying postconviction relief, and such a judgment will not suspend, reset or toll the statute of limitations or "cure" a time-barred § 2254 petition. Painter v. Iowa, 247 F.3d 1255, 1256 (8th Cir. 2001); Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir.), cert. denied, 531 U.S. 840 (2000).

After his sentence on August 29, 1997, the petitioner's direct appeals ended on September 10, 1998. Thereafter, the petitioner had 90 days to seek a writ of certiorari in the United States Supreme Court. Therefore, the petitioner's judgment of conviction became final, for purposes of the AEDPA statute of limitations, 90 days after September 10, 1998, when the period expired in which the petitioner could have applied to the United

States Supreme Court for a writ of certiorari. Jihad v. Hvass, 267 F.3d 803, 804 (8th Cir. 2001). Thus, for purposes of 28 U.S.C. § 2244(d)(1)(A), the petitioner's judgment of conviction became final not later than December 10, 1998, and the AEDPA statute of limitations began to run on December 11, 1998. The limitations period expired on or about December 11, 1999.

The petitioner did not file a motion in state court for postconviction relief until July 15, 2003. Therefore, by the time the petitioner filed his postconviction action, the AEDPA statute of limitations had already expired, and there was no federal statute of limitations left to toll. As in this case, a petitioner who fails to seek collateral review in the state courts within 12 months after "the conclusion of direct review or the expiration of the time for seeking such review," 28 U.S.C. § 2244(d)(1)(A), risks expiration of the AEDPA statute of limitations before exhaustion of state judicial remedies has even begun. Painter v. Iowa, 247 F.3d 1255, 1256 (8th Cir. 2001).

The petitioner contends that his lack of access to an adequate law library and the absence of any legal advice about the AEDPA's statute of limitations entitle him to an extension of the limitations period pursuant to either 28 U.S.C. §2244(d)(1)(B) (state-created impediment) or the principles of equitable tolling. 28 U.S.C. § 2244(d)(1)(B) postpones the commencement of the AEDPA's limitations period during the time a state-created unconstitutional "impediment" prevents a petitioner from filing a habeas petition. In other words, § 2244(d)(1)(B) allows an application for a writ of habeas corpus to be filed in federal court within one year from "the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action."

In addition, because the one-year time limit contained in 28 U.S.C. § 2244(d) is a statute of limitations rather than a jurisdictional bar, equitable tolling may apply, if appropriate. Gassler v. Bruton, 255 F.3d 492 , 495 (8th Cir. 2001). However, "[e]quitable tolling is proper only when extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time .... Further, equitable tolling may be appropriate when conduct of the defendant has lulled the plaintiff into inaction ...." Kreutzer v. Bowersox, 231 F.3d 460, 463 (8th Cir. 2000), cert. denied, 122 S.Ct. 145 (2001). "[E]quitable tolling affords the otherwise time-barred petitioner an exceedingly narrow window of relief." Jihad v. Hvass, 267 F.3d 803, 805 (8th Cir. 2001).

However, an inmate's lack of notice concerning the AEDPA statute of limitations does not constitute an "impediment" within the meaning of 28 U.S.C. § 2244(d)(1)(B) and does not warrant equitable tolling of the statute of limitations. See Felder v. Johnson, 204 F.3d 168, 171-73 (5th Cir.), cert. denied, 531 U.S. 1035 (2000). See also Baker v. Norris, 321 F.3d 769, 772 (8th Cir.), cert. denied, 123 S.Ct. 2283 (2003); Marsh v. Soares, 223 F.3d 1217, 1220-21 (10th Cir. 2000), cert. denied, 531 U.S. 1194 (2001) and Miller v. Marr, 141 F.3d 976, 978 (10th Cir.), cert. denied, 525 U.S. 891 (1998). Those decisions rest on the principle, among others, that "ignorance of the law, even for an incarcerated pro se prisoner, generally does not excuse prompt filing." Marsh, 223 F.3d at 1220; Felder, 204

F.3d at 172.  See, e.g., Baker v. Norris, 321 F.3d at 772: "Prisoners are not exempt from the principle that everyone is presumed to know the law and is subject to the law whether or not he is actually aware of the particular law of which he has run afoul."

Even an attorney's confusion about the AEDPA's statute of limitations does not justify equitable tolling for the client.  Kreutzer v. Bowersox, 231 F.3d at 463.  See also Fahy v. Horn, 240 F.3d 239, 244 (3d Cir. 2001) ("attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the 'extraordinary' circumstances required for equitable tolling").  Accord Harris v. Hutchinson, 209 F.3d 325, 330-31 (4th Cir. 2000).  "[F]orcing the defendant to defend against the plaintiff's stale claim is not a proper remedy for negligence by the plaintiff's lawyer."  Taliani v. Chrans, 189 F.3d 597, 598 (7th Cir. 1999) (citation omitted).

As the Supreme Court stated in Duncan v. Walker, 121 S.Ct. 2120, 2128-29 (2001): "The 1-year limitation period of § 2244(d)(1) quite plainly serves the well-recognized interest in the finality of state court judgments .... This provision reduces the potential for delay on the road to finality by restricting the time that a prospective federal habeas petitioner has in which to seek federal habeas review."  See also Cross-Bey v. Gammon, 322 F.3d 1012, 1015 (8th Cir. 2003), quoting Flanders v. Graves, 299 F.3d 974, 976 (8th Cir. 2002), cert. denied, 123 S.Ct. 1361 (2003):  "[A]ny invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes."

THEREFORE, IT IS ORDERED:

1. That filing no. 13, the respondent's Motion for Summary Judgment, is granted;

2. That the Petition for Writ of Habeas Corpus filed by Jeremy Johnson is dismissed with prejudice, and a separate judgment will be entered accordingly;

3. That filing no. 24, the respondent's Motion to Strike, is denied; and

4. That filing no. 29, the petitioner's Motion to file a brief out of time, is granted.

DATED this   29th   day of November, 2005.

BY THE COURT:

s/ WARREN K. URBOM
United States Senior District Judge